

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-91,817-01 & -02**

**EX PARTE SAMUEL HAL WADE, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. D-09-0411-SA-W-1 & D-09-0412-SA-W-1
IN THE 391ST DISTRICT COURT FROM TOM GREEN COUNTY**

*Per curiam*.

## O R D E R

Under plea agreements, Applicant pleaded guilty to three counts of aggravated sexual assault of a child and was placed on deferred-adjudication community supervision. The trial court later revoked Applicant's community supervision, found him guilty, and assessed three concurrent sentences of sixty-five years in prison. The Third Court of Appeals affirmed the convictions. *Wade v. State*, Nos. 03-17-00567-CR and 03-17-00568-CR (Tex. App.—Austin del. Apr. 17, 2018). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that his guilty pleas for deferred-adjudication were coerced due to the ineffective assistance of his plea counsel (Ground 4). Applicant maintains that he is innocent and that

the allegations were fabricated and encouraged by his ex-wife due to their divorce and child-custody fights. He says one of his daughters never accused him, the other daughter recanted, and an investigating officer did not "feel that [Applicant] was guilty." He says that counsel pressured him to take the plea bargains because Applicant could not afford to pay counsel's $700-a-day trial fee, and counsel told him he could not call expert witnesses to testify because Applicant could not afford to retain them. Applicant complains that counsel never told him of the victim's recantation or other exculpatory evidence and failed to seek trial-court payment for an expert witness and trial fees. *See Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997); *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005). Applicant attaches his ex-wife's statement to police and a psychologist report in support of his claims, and he says that "he had no options but to plea out the charges, which he would not have done had he known of the other options available to him." *See Hill v. Lockhart*, 474 U.S. 52 (1985). There is no response from plea counsel in the habeas record.

Applicant alleges that he was denied counsel when the probation department coerced him into agreeing to a modification of the terms of his probation without allowing him to consult with an attorney (Ground 1) and that counsel never challenged the coerced modification, which extended the deferred-adjudication period (Ground 2). There is no response from revocation counsel. The trial court finds that there was no motion to revoke filed in connection with the modification, so Applicant was not entitled to counsel. Nonetheless, the issue of voluntariness to agree to a modification may have been an issue relevant at revocation, i.e., whether the probation period was validly extended. There is no response from revocation counsel in the habeas record.

At the conclusion of the two-day revocation hearing, the trial court found six of the State's motion to revoke allegations to be true—an incident of alcohol use, going to Dallas County on an

occasion without permission, going to Gillespie County on an occasion without permission, missing curfew those two times while out of the county, and attending a funeral where children were present. Applicant alleges that revocation counsel failed to properly investigate to discover the facts and mount a defense that adequately addressed the motion-to-revoke allegations. He alleges that counsel failed to call, and declined a continuance to obtain, the sex-offender classroom administrator, Emily Orozco, although counsel characterized her as a "central character" who was a "material witness" that counsel believed may have intimidated other witnesses and may have evaded process (Ground 3). Rather, according to Applicant, revocation counsel "presented 12 witnesses of which only 6 were there to testify 'on topic' that being issues regarding the Applicant and him violating the terms and conditions of probation. [Revocation counsel] focus[ed] on a personal vendetta against the Concho Valley probation department and the sex offender treatment program run by Ms. Orozco." There is no response from revocation counsel.

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order plea and revocation counsel to respond to Applicant's claims of ineffective assistance and coercion. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving the controverted

factual issues. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:          October 21, 2020
Do not publish